**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH KAHLON, | No. 08-72246 |
| Petitioner, | Agency No. A097-581-301 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Jaswinder Singh Kahlon, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

The IJ found Kahlon demonstrated past persecution by police on the basis of a protected ground. The IJ next found the presumption Kahlon's life or freedom would be threatened upon return to India was rebutted by Kahlon's testimony indicating that, by 1997, police only sought to arrest him to extort money from his father. Substantial evidence supports the IJ's finding that the evidence demonstrated Kahlon was no longer being sought on the basis of a protected ground. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). Accordingly, Kahlon's withholding of removal claim fails.

Substantial evidence also supports the IJ's finding that Kahlon failed to demonstrate it is more likely than not he would be tortured, because he relocated to another part of the country for seven years without harm. *See* 8 C.F.R. § 1208.16(c)(3)(ii); *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) (petitioner failed to meet his burden of demonstrating he could not relocate to

another part of India where police are not under the mistaken impression he is a separatist).  Accordingly, Kahlon's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**